WEAVER, J.
(concurring). I join in the majority’s holding, analysis, and application in these cases. As the *447 majority concludes — and as I urged in my separate concurrence in People v Lardie, 452 Mich 231, 267; 551 NW2d 656 (1996) — a proper reading of the statute prohibiting OUIL causing death is that it criminalizes a death caused by a person operating a car while intoxicated, regardless of the manner of operation.
I write separately to note that the same careful consideration of the OUIL statutory text that results in the above conclusion demands I reconsider another point I made in my Lardie concurrence.
Specifically, I suggested in Lardie that showing proximate cause was not necessary to prove OUIL causing death. Lardie, supra at 268 n 5, 273 n 11. However, now that the issue is squarely before the Court, and I have reexamined the language of the statute in the two cases before us, I now agree that the Legislature’s use of the term “causes the death” indicates that the common-law meaning of “cause” must be used, and both cause in fact and proximate cause need to be shown.
The dangers of driving under the influence are no doubt of concern to the Legislature; however, as the majority indicates, had the Legislature wanted to remove a showing of proximate cause from the statute prohibiting OUIL causing death, it could have used the term “resulting in the death” instead.